# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  -vs-                                                          CRIMINAL No. 07-0385 LH

ADAM ROBERT MANN

    Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Defendant's Response to Probation Memo Regarding Sentence Modification (ECF No. 79), filed July 9, 2015, which the Court construes as a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), and the United States' Reply to Defendant's Response to Probation Memo Regarding Sentence Modification (ECF No. 80), filed July 14, 2015. The parties filed their memoranda in accordance with the Court's Order (ECF No. 78) of July 7, 2015, which directed them to confer and to inform the Court of their positions regarding Defendant's eligibility for resentencing pursuant to Amendment 782 of the Sentencing Guidelines. The Court, having reviewed the parties' briefs, the record in this matter, and the applicable law, finds that Defendant is ineligible for resentencing and his Motion must be **dismissed for lack of jurisdiction**.

    While Defendant acknowledges that the Tenth Circuit explicitly held in *United States v. Gay*, 771 F.3d 681 (2014), that it is not empowered to consider a constitutional challenge to a sentence

under 18 U.S.C. § 3582(c)(2), he maintains that his sentence is in violation of the Fifth and Eighth Amendments and that this Court has authority to reduce his sentence under the new drug sentencing guidelines, pursuant to § 3582(c)(2).  Defendant asserts that he makes these arguments pursuant to *Teague v. Lane*, 489 U.S. 288 (1989), in order to preserve issues that have not yet been addressed explicitly by the Supreme Court: 1) whether USSG § 1B1.10 exceeds the powers delegated to the Sentencing Commission by Congress, thereby violating the separation of powers, and 2) whether a district court can entertain constitutional challenges to a sentence through a § 3582 pleading.

The United States opposes Defendant's position, noting that the circuit courts that have addressed whether § 1B1.10 is unconstitutional have found that § 3582(c)(2) does not violate the separation of powers doctrine.  The government also contends that because Defendant is subject to a mandatory minimum term of imprisonment, he is ineligible for resentencing under § 3582(c)(2).

The Court finds the United States' positions well taken.  In 2013, this Court granted Defendant's Motion for Reduction in Term of Imprisonment under the retroactive amendments to the crack cocaine sentencing guidelines, as promulgated by the Sentencing Commission under the Fair Sentencing Act of 2010 ("FSA"), and reduced his sentence from 147 months to the statutory minimum sentence of 120 months, as required by 21 U.S.C. § 841(b)(1)(B).  Mem. Op. (ECF No. 75), May 1, 2013.  As the Tenth Circuit Court of Appeals has held,

> [s]entence modification under § 3582(c) does not amount to "resentencing," and a district court does not have discretion to sentence below the statutorily mandated minimum sentence that applied when the defendant was initially sentenced.  *See United States v. Cornelius*, 696 F.3d at 1326–27 [(10th Cir. 2012)]; *see also United States v. Berry*, 701 F.3d 374, 377–78 (11th Cir. 2012) (affirming denial of a § 3582(c)(2) motion to reduce sentence because "[n]othing in the FSA extinguishes the statutory mandatory minimum sentence or penalty already imposed in Berry's case before the FSA's enactment").

2

*United States v. Lucero*, 713 F.3d 1024, 1028 (10th Cir. 2013) (last alteration in original). Thus, because the sentence Defendant currently is serving is based on the statutory mandatory minimum term of imprisonment, not upon a sentencing range that has subsequently been lowered by the United States Sentencing Commission, the Court lacks jurisdiction to consider Defendant's current Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Lacy*, 332 F. App'x 453, 454 (10th Cir. 2010) ("While this case involves a different amendment to the Guidelines [than in *United States v. Smartt*, 129 F.3d 539 (10th Cir. 1997)], the same rule applies. [Defendant] was sentenced pursuant to a statutory minimum, and thus a change to the Guidelines does not provide the grounds to lower his sentence."); *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) ("[Defendant's] sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' *see* 18 U.S.C. § 3582(c)(2). . . . Thus, the district court should have dismissed [defendant's] motion without considering its merits."); *United States v. Novey*, 78 F.3d 1483, 1486 (10th Cir.1996) (citing *Neal v. United States*, 516 U.S. 284, 290, 294 (1996)) ("[T]he Sentencing Commission does not have the authority to override or amend a statute."); *see also* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. n.1(A) (Nov. 1, 2011) (". . . a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

3

WHEREFORE,

**IT IS HEREBY ORDERED** that Defendant's Response to Probation Memo Regarding Sentence Modification (ECF No. 79), filed July 9, 2015, construed as a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), is **DISMISSED FOR LACK OF JURISDICTION**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**